Sneed, J,
delivered tbe opinion of tbe court:
This is an agreed case from the second circuit court of Shelby county, in which the plaintiff, a justice of the peace of said county, seeks to recover three dollars per day iu addition to two dollars per day already paid him for his attendance and service as a member of the quarterly session of the county court of said county. It appears from the facts agreed that the said quarterly court, from its April term, 1870, to its January term, 1873, had been iu the habit of voting its members five dollars per day as compensation, and that any less amount would bei inadequate compensation to its members for their services, and the actual outlay necessary to the discharge of their said duties in the city of Memphis, where the sessions of the court are held. The plaintiff in this case had been paid tbe sum of two dollars for bis services in said court, and brings this action to recover the balance due him under said appropriation. The rights of the plaintiff must.depend upon the strict law, which, however-inequitable its provisions may be, this court must enforce.
Tbe acts of 1866-67, cb. 3, see. 1, and that of 1867-68, cb. 14, sec. 1, which are the latest expressions of the legislative will upon this subject, fix the compensation of the members of the quarterly courts at two dollars per diem. Code, secs. 4549a, 4549b. It seems that hy the- next preceding section of the Code, the justices of the- quorum *725 court are authorized to fix their own compensation without limit either as to its minimum or maximum.
Why this discrimination in favor of the tribunal upon which of the two, the lesser labors and responsibilities are imposed by law, it is difficult to comprehend. But thus is the law written.
It results that the judgment of the circuit judge, which allows the plaintiffs demand, must be reversed, and the case dismissed.